## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

FILED BY _____ D.C.

05 AUG 17 AM 10: 22

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| CARLITO D. ADAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. **03-2519** -Ɖ |
| | ) | |
| STEPHEN DOTSON, | ) | |
| | ) | |
| Respondent. | ) | |

---

### ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (Dkt. #10)

---

This matter is before the Court upon the motion to dismiss of Stephen Dotson ("Respondent" or "Warden") as to Carlito D. Adams' ("Adams" or "Plaintiff") habeas corpus petition. For the following reasons, the Court **GRANTS** Respondent's motion to dismiss.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Adams, a Tennessee prisoner proceeding *pro se*, petitioned this Court for a writ of habeas corpus filed pursuant to 28. U.S.C. §2254, to challenge life sentences from a state court conviction in Shelby County, Tennessee. The Respondent is recorded as Stephen Dotson.[1] Adams was convicted by a state trial court jury of two counts of first-degree felony murder and two counts of attempted felony murder. As a result of an appeal, on December 11, 1997, Adams' conviction for

---

[1] The only proper respondent to a habeas corpus petition is the custodian of the prisoner. Adams filed this petition naming Robert Waller as the respondent because he was incarcerated at the DeBerry Special Need Facility in Nashville, Tennessee. He has been transferred to the Whiteville Correctional Facility in Whiteville, Tennessee. Accordingly, the Clerk deleted any reference to Robert Waller as the respondent.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _8-18-05_



attempted felony murder was reversed and dismissed, while the two counts of first-degree felony murder were affirmed.  On November 9, 1998, the Tennessee Supreme Court denied certiorari on Adams' first-degree felony murder conviction.

In November, 1999, Adams filed a petition for post-conviction relief.  On August 3, 2000, the state trial court dismissed Adams' post-conviction petition for failure to prosecute.  On April 3, 2002, the trial court denied Petitioner's "Motion for Relief from Order Dismissing Post Conviction Relief Petition for Failure to Prosecute."  The trial court's order noted that Petitioner's motion was without merit and that the record of the case reflected that the Petitioner was represented by attorney, Larry Copeland, but refused to meet with his counsel and to appear in court.

On June 18, 2003, Adams filed a federal habeas corpus petition in the United States District Court for the Middle District of Tennessee.  On June 26, 2003, the petition was transferred to the Western District of Tennessee pursuant to 28 U.S.C. §2241.  On January 5 and 14, 2004, Adams filed amendments to his petition, and on January 29 and February 6, 2004, he filed supplements to his petition.   After Adams amended and supplemented his petition, this Court entered an order for the Warden to respond on October 12, 2004.  On December 8, 2004, the Warden filed a  motion to dismiss, with supporting memorandum of law.

In its motion to dismiss, the Warden asserts that dismissal is warranted because Adams filed his petition after the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(a).  The one-year AEDPA statute of limitations begins to run from the latest of four circumstances, one of which is the date on which the Petitioner's conviction became final by the conclusion of direct review.  See 28 U.S.C. § 2244(d)(1)(a); Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000); Isham v. Randle, 226 F.3d 691,

2

694-95 (6th Cir. 2000). The running of the one-year limitation period is tolled, however, while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent punishment or claim is pending." 28 U.S.C. § 2244(d)(2).

The Tennessee Supreme Court denied Adams' petition for discretionary review on November 9, 1998. The one-year statutory period began to run ninety-days from that date, specifically, February 7, 1999. Adams filed his post-conviction petition in November 1999, more than two hundred days had run on the ADEAP limitation period. A properly filed application for state post-conviction relief will toll the limitations period, 28 U.S.C. § 2244(d)(2), but it does not restart the clock. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir.2003). On April 3, 2000, when the state trial court dismissed Adams' post-conviction petition for failure to prosecute, the toll was raised on Adams' ADEAP limitation period and he had less than two hundred days remaining. Adam's petition for a federal writ of habeas corpus, signed on June 18, 2003, is barred unless the statute of limitations is equitably tolled. Adams bears the burden of persuading the court that he is entitled to equitable tolling. See Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002) ("Griffin I").

A traditional equitable tolling analysis includes the following five factors: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the legal requirement for filing his claim. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001); Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988). "It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." Warren v. Lewis, 365 F.3d 529, 532 (6th Cir. 2004) (quoting Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991)). The Court finds that equitable tolling is inappropriate in the case at bar because well over

3

two years had passed from the end of state court review of Petitioner's post-conviction motion and the filing of his federal writ of habeas corpus petition.  Furthermore, the Court finds that Adams should be precluded from equitable tolling of his statute of limitations because the trial court's denial of his "Motion for Relief from Order Dismissing Post Conviction Relief Petition for Failure to Prosecute" noted that he was represented by counsel but refused to meet with his counsel and also refused to appear in court.

### IV. CONCLUSION

The Court finds that Petitioner's habeas corpus petition is untimely.  Accordingly, this Court **GRANTS** the Warden's motion to dismiss.


**IT IS SO ORDERED** this _16 th_ day of _August_, 2005.


**BERNICE BOUIE DONALD**
**UNITED STATES DISTRICT COURT JUDGE**

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 14 in case 2:03-CV-02519 was distributed by fax, mail, or direct printing on August 18, 2005 to the parties listed.

---

Elizabeth Marney
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202

Amy L. Tarkington
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Carlito D. Adams
WCFA
244241
P.O. Box 679
Whiteville, TN 38075

Honorable Bernice Donald
US DISTRICT COURT