IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CARLITO D. ADAMS, | Ж | |
| Petitioner, | Ж | |
| vs. | Ж | No. 03-2519-D/V |
| STEPHEN DOTSON, | Ж | |
| Respondent. | Ж | |

ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL

On August 17, 2005, the Court granted the Respondent's motion to dismiss this habeas petition and on August 25, 2005, entered the judgment dismissing this case. On August 29, 2005, Adams filed a notice of appeal, application for a certificate of appealability, and application to proceed in forma pauperis on appeal.

The Court first addresses the application for a certificate of appealability. Twenty-eight U.S.C. § 2253(c) provides:

(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from-

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997), held that district judges may issue certificates of appealability under the AEDPA. The Court also held that the AEDPA codifies in amended § 2253 the standard for issuing a certificate of probable cause found in prior § 2253, which was essentially a codification of Barefoot v. Estelle, 463 U.S. 880, 893 (1983). See Lyons, 105 F.3d at 1073; See also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

> [P]robable cause requires something more than the absence of frivolity . . . and the standard for issuance of a certificate of probable cause is a higher one than the 'good faith' requirement of § 1915. . . . [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal right. [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not require] the petitioner [to] show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

Barefoot, 463 U.S. at 893 (internal quotations and citations omitted). In this case, for the reasons discussed above, the petitioner's claims are clearly barred by the AEDPA statute of limitations, and he cannot present a question of some substance

2

about which reasonable jurists could differ. The Court therefore denies a certificate of appealability.

Also in regards to Adams' appeal, the United States Court of Appeals for the Sixth Circuit has held that the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), does not apply to appeals of orders denying § 2254 petitions. <u>Kincade v. Sparkman</u>, 117 F.3d 949, 951 (6th Cir. 1997). <u>Cf.</u> <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal <u>in forma pauperis</u> in a § 2254 case, and thereby avoid the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917,[1] the petitioner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure (F.R.A.P.). <u>Kincade</u>, 117 F.3d at 952. If the motion is denied, the petitioner may renew the motion in the appellate court.

F.R.A.P. 24(a) states, in pertinent part that:

> A party to an action in a district court who desires to proceed on appeal <u>in forma pauperis</u> shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the

---

[1] The fee for docketing an appeal is $250. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

3

party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous. In this case, for the same reasons that the Court denies a certificate of appealability the Court determines that any arguments petitioner might present on appeal would lack even arguable merit. The Court thus determines that the appeal in this case is not taken in good faith. It is therefore certified, pursuant to F.R.A.P. 24(a), that the appeal in this matter by this petitioner is not taken in good faith, therefore the application to proceed on appeal *in forma pauperis* is DENIED.

IT IS SO ORDERED this 23rd day of January, 2006.

/S/ Judge Benice Bouie Donald
United States District Court

4